IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RORY J. SCHULTZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF UTAH et al.,<br><br>　　　　Defendants. | Case No. 2:05-CV-1002 DAK<br><br><br>**MEMORANDUM DECISION AND<br>ORDER DISMISSING COMPLAINT** |

　　　　Plaintiff, Rory J. Shultz, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

ANALYSIS

I. Standard of Review

　　　　Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint, although styled as a civil rights suit under 42 U.S.C. § 1983, essentially challenges the validity of Plaintiff's conviction on numerous grounds. Plaintiff generally alleges that he was wrongly convicted because "the court failed in its duty to support the law during [his] trial." Plaintiff's Complaint outlines various alleged deficiencies in his criminal proceedings, including: exclusion or withholding of exculpatory evidence, admission of false testimony, compelled self-incrimination, and denial of the right to appeal.

Plaintiff names as defendants the State of Utah, the judge who presided over Plaintiff's criminal proceedings, the Utah Department of Child and Family Services, and the Salt Lake City "prosecutor's office." The Complaint does not clearly state the relief sought in this suit.

## III. Sufficiency of Plaintiff's Complaint

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the *exclusive* remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 480-82 (emphasis added). Under *Heck*,

claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated. *Id.* at 487. Specifically, before filing a civil rights suit the plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The Court takes judicial notice that simultaneous with this suit Plaintiff also filed a habeas corpus petition raising many of the same issues presented here. *See* Case No. 2:05CV1003 TS (filed December 2, 2005). Given the timing and similar content of these two cases it appears that this suit, although styled as a civil rights action, was actually intended as part of Plaintiff's collateral attack upon his conviction. However, even if this case was intended merely to vindicate Plaintiff's civil rights, rather than a means of overturning his conviction, the facts alleged in the Complaint, if proven, would clearly undermine the validity of Plaintiff's conviction, sentence, or confinement, as prohibited under *Heck*. Plaintiff's Complaint implicitly seeks a determination that various aspects of his criminal prosecution, conviction and state appeals process were unconstitutional. Because these allegations are inextricably linked to the validity of Plaintiff's conviction and confinement, the Court concludes that Plaintiff's claims are not cognizable under § 1983 absent a showing that his conviction or confinement have previously been invalidated through proper channels. Given the fact that Plaintiff's habeas corpus petition remains pending in this District, Plaintiff clearly cannot make such a showing at this time. Thus, the Court concludes that this civil rights suit is currently precluded under *Heck*

and must be dismissed for failure to state a claim.

## ORDER

Based on the forgoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915(e)(2)(B)(ii) (2007).

DATED this 14th day of November, 2007.

BY THE COURT:

*/s/ Dale A. Kimball*
Dale A. Kimball
United States District Judge